Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1590 | DATE | 1/24/2001 |
| CASE TITLE | Nelson, et al. Vs. Sotheby's, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss is denied as to count I and granted as to counts II, III and IV of the second amended complaint. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | Document Number |
| | No notices required. | JAN 25 2001 date docketed | 37 |
| ✓ | Notices mailed by judge's staff. | docketing deputy initials | |
| | Notified counsel by telephone. | 1/24/2001 date mailed notice | |
| | Docketing to mail notices. | MPJ mailing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

MPJ courtroom deputy's initials

FILED FOR DOCKETING 01 JAN 24 PM 6:05

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DAVID NELSON and RICHARD PRICE,**

Plaintiffs,

v.

**SOTHEBY'S, INC., a New York corporation,**

Defendant.

No. 00 C 1590

DOCKETED
JAN 2 5 2001

**MEMORANDUM OPINION AND ORDER**

David Nelson and Richard Price,[1] both citizens of Illinois, originally filed an action for conversion of a painting that Mr. Nelson gave to Sotheby's, Inc. ("Sotheby's"), a New York corporation, for appraisal in 1988. Sotheby's did not return the painting until March 2000. I dismissed the conversion claim as barred by the statute of limitations, but granted the plaintiffs leave to file an amended complaint. *See Nelson v. Sotheby's Inc.*, 115 F. Supp.2d 925 (N.D. Ill. 2000). Sotheby's now moves to dismiss plaintiffs' Second Amended Complaint, which alleges breach of written contract, breach of fiduciary duty, and fraudulent concealment. The plaintiffs state a claim for breach of contract, so Sotheby's motion is denied in part.

[1] According to the Second Amended Complaint, on February 1, 2000, Mr. Price paid $23,500 for a one-half interest in the painting that is the subject of this lawsuit.

37

I.

On November 9, 1988, Mr. Nelson brought a painting by Giorgio de Chirico, entitled *Piazza de Italia* (the "painting"), to the Chicago office of Sotheby's, a New York auction house, for appraisal and possible sale. Plaintiffs allege that Mr. Nelson entered into a written contract with Sotheby's in the form of a "Consignment Receipt," dated November 8, 1988. The receipt, attached to the Second Amended Complaint, describes the painting, lists Mr. Nelson as the owner, and states that the painting was "[l]eft for evaluation." The painting was shipped to Sotheby's New York office for evaluation on November 11, 1988.

In a letter dated January 31, 1989, Sotheby's notified Mr. Nelson that Carlo Binosi, a former business associate of Mr. Nelson, had asserted a claim of title to the painting and that Sotheby's would "not be able to release the [painting] until the issue of ownership has been resolved." Sotheby's recommended that Mr. Nelson discuss the matter with Mr. Binosi and said that it would "hold the [painting] until you and Mr. Binosi have resolved your adverse claims or until it becomes necessary for us to initiate an interpleader action." On April 17, 1989, Mr. Binosi commenced a lawsuit in Cook County (the "Cook County action") against Sotheby's and Mr. Nelson, but plaintiffs allege that Mr. Nelson was never served or notified of the existence of the Cook County action. On May 19, 1989, Sotheby's filed an Answer and

Counterclaim, but did not serve Mr. Nelson. The Cook County action was dismissed in June 1993.

Plaintiffs claim that Mr. Nelson made repeated telephone calls to Sotheby's to ask for the return of the painting while the Cook County action was pending and after it was resolved. They claim that Sotheby's never mentioned the Cook County action, the fact that it had filed an Answer and Counterclaim, or that the case had been dismissed. Finally, on January 19, 2000, a representative of Sotheby's admitted that holding the painting for over eleven years was excessive and agreed to return the painting immediately. The painting was returned to Mr. Nelson on March 15, 2000. He filed his initial lawsuit for conversion on March 16, 2000, and filed the Second Amended Complaint on September 18, 2000.

II.

In a diversity case, I apply state substantive and federal procedural law. *Dawn Equip. Co. v. Micro-Trak Sys., Inc.*, 186 F.3d 981, 986 (7th Cir. 1999) (citing *Erie R. Co v. Tompkins*, 304 U.S. 64 (1938)). On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiff and draw all reasonable inferences in favor of the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Id.*

Plaintiffs' Second Amended Complaint contains four counts: breach of written contract, breach of internal rules and regulations as part of a written contract, fraudulent concealment, and breach of fiduciary duty arising from internal rules and regulations. The gravamen of the complaint is that Sotheby's breached the written contract (in the form of the consignment receipt, as modified by the January 1989 letter) and breached its fiduciary duty to Mr. Nelson when it failed to return the painting to him or notify him that Mr. Binosi's claim was terminated. Sotheby's moves to dismiss all four counts for failure to state a claim, essentially arguing that it was under no duty, contractual or fiduciary, to notify Mr. Nelson that Mr. Binosi's claim to the painting had terminated.

A.

In Illinois, a contract's meaning must be determined from the words or language used. *Johnstowne Ctr. P'Ship v. Chin*, 458 N.E.2d 480, 481 (Ill. 1983). The terms of a contract must be given their "plain, ordinary, popular and natural meaning." *American Nat'l Trust Co. of Chicago v. Kentucky Fried Chicken of S. Cal., Inc.*, 719 N.E.2d 201, 210 (Ill. App. Ct. 1999). The contract in this case was called a "Consignment Receipt" on its face. Consignment is the "[e]ntrusting of goods to another to sell for the consignor" or "[a] bailment for sale." *Blacks Law Dictionary* 307 (6th ed.

1991).[2] A consignment is therefore a type of bailment. *See Cleveland Co-operative Stove Co. v. Matson*, 30 Ill. App. 372 (1888).[3]

In Illinois, a bailment is "the delivery of goods for some purpose upon a contract, express or implied, and after the purpose has been fulfilled, the goods are to be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until reclaimed." *Bishop v. Allied Van Lines, Inc.*, 399 N.E.2d 698, 700 (Ill. App. Ct. 1980). Redelivery is therefore implicit in a contract for a bailment. In this case, the consignment receipt, in the "comment" section, stated that the painting was "[l]eft for evaluation," so evaluation was the purpose of the bailment. Sotheby's argues that the receipt does not specify a time for return of the painting, so it was under no obligation to return the painting by a specific date. But "[w]hen a contract of bailment is silent on the subject of redelivery . . . , the bailee's obligation to redeliver is generally regulated by the custom and usage of business at the place where the bailment is made, and such custom

[2] A consignment contract is the "[c]onsignment of goods to another for sale under agreement that consignee will pay consignor for any sold goods and will return any unsold goods." *Id.*

[3] Plaintiffs do not characterize the contract specifically as a contract for a bailment, but they may be entitled to relief under that theory even though they failed to identify it in their complaint or raise it in response to Sotheby's motion. *See Janke Constr. Co. v. Vulcan Materials Co.*, 527 F.2d 772, 776-77 (7th Cir. 1976).

and usage is considered as being part of the contract." *Trailer Leasing Co. v. Scrappo*, 240 N.E.2d 204, 206 (Ill. App. Ct. 1968). And in Illinois, where a contract does not specify a time for performance of a particular obligation, a "reasonable" time is implied. *Clay v. Harris*, 592 N.E.2d 1154, 1158 (Ill. App. Ct. 1992). The consignment receipt contained an implied term that the painting would be returned to Mr. Nelson in a reasonable time, as determined by the usage of trade of auction house consignments.

Plaintiffs argue that the 1989 letter from Sotheby's, notifying Mr. Nelson of Mr. Binosi's claim, modified the terms of the original consignment receipt, imposing a duty on Sotheby's to notify Mr. Nelson that Mr. Binosi's claim had been resolved. "A contract is validly modified if the party which did not propose the changes is shown to acquiesce in the modification through a course of conduct consistent with acceptance." *International Bus. Lists, Inc. v. American Telephone & Telegraph Co.*, 147 F.3d 636, 641 (7th Cir. 1998) (applying Illinois law). The consignment receipt contained an implied term of return in reasonable time, and Sotheby's, in the 1989 letter, proposed to change that term to the time when the adverse claim was resolved in Mr. Nelson's favor. There is no indication that Mr. Nelson accepted the offer in writing, but his actions, construed in the light most favorable to him, were consistent with acquiescence. According to the complaint, after receiving the 1989 letter, Mr. Nelson did not sue

Sotheby's, or even threaten to sue (until much later), but only called periodically to inquire after the return of his painting. The contract, as modified, imposed an obligation on Sotheby's to return the painting to Mr. Nelson within a reasonable time, when and if the adverse claim was resolved in his favor. Plaintiffs allege that the claim was resolved in June 1993, and assuming that is so, as I must for the purposes of this motion, Sotheby's failed to perform its obligation. If the breach occurred in 1993, Plaintiffs' claim was brought well within the ten-year statute of limitations for breach of written contract. 735 ILCS 5/13-206. Sotheby's motion to dismiss is denied with respect to Count I.

Even if I were to conclude that the 1989 letter did not modify the 1988 consignment receipt, Plaintiffs' claim would not be time-barred. The original contract (the consignment receipt) contained an implied term that the painting would be sold or returned in reasonable time, according to the usage of trade. What constitutes a reasonable time for performance is a question of fact, *Clay*, 592 N.E.2d at 1158, as is the existence of a custom or usage of trade, *Allen Saltzman Assocs., Inc. v. Aileen, Inc.*, 633 F. Supp. 1161, 1163 (N.D. Ill. 1986) (applying Illinois law). I must draw all factual inferences in favor of the plaintiffs for the purposes of this motion, so I must assume that, in light of Mr. Binosi's pending claim of ownership and the prevailing practices of auction

houses,[4] the failure to return the painting was not unreasonable until the claim was terminated in 1993.

B.

In Count II, Plaintiffs allege a breach of internal rules and regulations as part of a written contract. So far as I can tell, Illinois does not recognize a cause of action for breach of internal rules and regulations, and Plaintiffs cite no cases to the contrary. Even assuming, as Plaintiffs allege, that Sotheby's has "developed internal oral and written rules and regulations concerning the handling of conflicting claims of ownership including but not limited to the necessity of filing interpleader actions and providing notification of the status of legal proceedings," they do not give rise to an independent legal duty under which the Plaintiffs have standing to sue. To the extent that Plaintiffs are attempting to argue that the alleged internal rules and regulations were incorporated into the contract, their claim must fail. "For a document to be incorporated by reference, the contract must show an intent to incorporate the other document and make it part of the contract." *Harrison v. Sears, Roebuck & Co.*, 546 N.E.2d 248, 253 (Ill. App. Ct. 1989) (holding that

[4] Illinois courts have found that a bailee does not observe reasonable commercial standards when it returns property to a bailor in spite of knowledge of an adverse claim. *Bishop v. Allied Van Lines*, 399 N.E.2d 698, 701 (Ill. App. Ct. 1980). I must assume, for the purposes of this motion, that it was reasonable for Sotheby's to withhold redelivery of the painting so long as an adverse claim was pending.

contract did not incorporate provisions of employee manual where contract contained no language indicating that contract was "subject to" provisions of manual). Neither the contract nor the 1989 letter contain any reference to Sotheby's internal rules and regulations or any indication that Sotheby's intended to be contractually bound by them. Sotheby's motion to dismiss is granted with respect to Count II.

C.

Plaintiffs claim that Sotheby's fraudulently concealed the resolution of the Binosi claim to the painting (Count III) and that Sotheby's breached a fiduciary duty created by its internal rules and regulations (Count IV). Sotheby's argues that Counts III and IV fail to state a claim, either for a common law cause of action, or for application of the statutory tolling device for fraudulent concealment. *See* 735 ILCS 5/13-215. Plaintiffs argue in response that Counts III and IV allege "two distinctive and factually correct theories that result in the tolling of the statute of limitations claim for the tortuous [sic] conduct addressed by this court in its MEMORANDUM AND ORDER of August 23, 2000." What the Plaintiffs intended to argue is less than perfectly clear. I have already dismissed the tort claim of conversion to which Plaintiffs refer, *see* 115 F. Supp.2d 925, so there is no conversion statute of limitations to toll. To the extent that Plaintiffs may be understood to argue that the statute of limitations should be

tolled for the breach of contract claim, the point is moot, because I have already concluded that their contract claim is timely.

An alternative interpretation of Plaintiffs' argument is that they state claims for common law causes of action for fraudulent concealment and breach of fiduciary duty, and that § 215 tolls the statutes of limitations on those claims. To state a claim for fraudulent concealment, the defendant must have concealed a material fact while under a duty to disclose that fact to the plaintiffs. *Hirsch v. Feuer*, 702 N.E.2d 265, 273 (Ill. App. Ct. 1998). Thus, both the fraudulent concealment and breach of fiduciary duty claims depend on the existence of a duty on the part of Sotheby's to disclose the existence or termination of the Cook County action to the Plaintiffs.

The Plaintiffs cite no cases, nor could I find any, to support the theory that a fiduciary duty could arise out of Sotheby's "internal rules and regulations." In Illinois, the general rule is that parties to a contract do not owe a fiduciary duty to one another. *Bixby's Food Sys., Inc. v. McKay*, 958 F. Supp. 802, 808 (N.D. Ill. 1997). A fiduciary duty may arise as a matter of law out of certain relationships (attorney-client, or agent-principal, e.g.). *Gonzalzlez*[5] *v. American Express Credit Corp.*, 733 N.E.2d 345, 353 (Ill. App. Ct. 2000). Without such a legal relationship,

[5] This is the correct spelling of the party's name as written in the North Eastern Reporter.

however, a fiduciary duty between parties to a contract exists only under "special circumstances." *Bixby's Food Sys.*, 985 F. Supp. at 808. For example, where one party entrusts the handling of his business and financial affairs to the other, or where one party is heavily dependent on the advice of another, a fiduciary relationship may arise. *Humana Health Plan, Inc. v. Heritage Ind. Med. Group, P.C.*, No. 99 C 6276, 2001 WL 8878, at *3 (N.D. Ill. Jan. 3, 2001).

The only argument that Plaintiffs advance in support of a fiduciary duty here is that the Seventh Circuit "has already determined that a consignment agreement between a putative seller . . . and an auction house is in fact a fiduciary relationship," according to Plaintiffs' reading of *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181 (7th Cir. 1996). In *Kohler*, the Seventh Circuit concluded that an auction house had acted within the scope of its authority as an agent, so no breach of fiduciary duty was possible. *Id.* at 1188. The Court did not discuss the source of any fiduciary duty, though presumably, as a matter of Illinois law, it arose out of the agent-principal relationship, where the auction house acted on behalf of the owner in sales negotiations. *See id.* at 1185 (all claims depended on definition of scope of agent's authority to sell). But there is no indication that Sotheby's was acting as an agent for sale on behalf of the Plaintiffs -- the purpose of the consignment contract was appraisal only -- nor that any special

circumstances exist that would give rise to a fiduciary duty on Sotheby's to apprise the Plaintiffs of the status of the Cook County action. Without such a duty, there can be no cause of action for fraudulent concealment or breach of fiduciary duty. Sotheby's motion is granted with respect to Counts III and IV.

**ENTER ORDER:**

Elaine E. Bucklo

**Elaine E. Bucklo**
United States District Judge

Dated: January 24, 2001

Copies have been sent to:

David Nelson
5 N. 144 Central
Itasca, IL 60143

Richard D. Price, Jr.
5 N. 144 Central
Itasca, IL 60143

Plaintiffs

Michael J. Abernathy
Bell, Boyd & Lloyd
70 W. Madison Street, #3300
Chicago, IL 60602

Sana Hakim
Stephen M. Komie & Assoc.
One N. LaSalle Street, #4200
Chicago, IL 60602

Attorneys for Defendant